**STATE of Utah, Plaintiff and Respondent,**

v.

**Thomas E. DURAN, Defendant and Appellant.**

**No. 13035.**

Supreme Court of Utah.

May 31, 1974.

Brent A. Gold, of Salt Lake Legal Defenders Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The appellant, as defendant below, was charged with the crime set out in Section 76–7–12, U.C.A.1953 (as amended in 1957), which reads:

> Every convict in state prison, who, with malice aforethought, commits an assault upon any other convict, or upon the warden or any guard or upon any other person whomsoever, with a deadly weapon or instrument of any kind, or by means of force, or by administering any poisonous or deleterious substance which will likely produce great bodily injury shall be punishable with imprisonment for life or death.

He was convicted of the included offense of assault by a convict with a deadly weapon, without malice aforethought.

He claims error was committed at trial as follows:

1. At the trial of the present case, wherein the defendant did not testify, evidence was erroneously admitted which showed that the defendant had committed a prior felony of the same type for which he was presently on trial.

2. The court erroneously allowed two of the defense witnesses to be questioned about prior convictions which in one instance had been overturned and in the other instance was a misdemeanor.

■ Defendant offered to stipulate that he was an inmate serving time in the state prison. The prosecutor refused the offer, as he had a right to do. A defendant cannot prevent the State from proving the elements of a crime by stipulating thereto.[1]

■ We do not think it was error to place in evidence the commitment papers under which this defendant was held at the time of the alleged crime. The State had to prove as an element of the offense charged that the defendant was an inmate in the state prison, and we are unable to see how better the prosecutor could prove this than by the official records. The objection of the defendant to the commitment papers was properly overruled.

A witness also made reference to the offense but added nothing to the facts shown in the commitment papers. Besides, the reference was innocently made. The question propounded to the witness related to the victim (Mr. Gallegos), not the defendant. The following questions were asked and the following answers given:

Q. Do you have Mr. Gallegos' records with you, commitment with you, records with you, Mr. Johnson?

A. Yes, I do.

Q. And from those records, does it indicate that Mr. Gallegos is also an inmate at the Utah State Prison?

A. Yes.

Q. And when was he committed to the Utah State Prison, this commitment he is presently serving?

A. We received the commitment, it was issued January 19, 1967.

Q. What offense?

A. The offense of assaulting a fellow convict.

Q. Now, I am talking about Mr. Gallegos now.

A. Oh, Gallegos. I am sorry, sir. I didn't bring his records. I have a card here with the information.

The questions and answers above quoted do not refer to the name of the defendant at all.

■■ The appellant also assigns error because two of his witnesses were asked if they had ever been convicted of a felony.[2] Each of the witnesses was a prison inmate.

1. 73 Am.Jur.2d, Stipulations, § 17; Arrington v. State, 233 So.2d 634 (Fla.); People v. Speck, 41 Ill.2d 177, 242 N.E.2d 208 (Ill. 1968).

2. This was a proper question. See Sec. 78–24–9, U.C.A.1953.

One answered that he had been convicted of two felonies and gave the dates and type of crime. The prosecutor asked, "How about 1959, burglary and grand larceny?" The witness stated that he had been acquitted of those crimes.

The second witness answered that he had been convicted of two felonies, to wit, breaking and entering and burglary, and gave dates. The prosecutor then asked, "What about 1967?" The witness said, "No." The prosecutor then asked if the witness had ever been convicted of manslaughter [a felony]. The witness answered, "Yes, involuntary manslaughter." The witness need not have answered as he did, since involuntary manslaughter is only a misdemeanor and a witness need only answer as to convictions of felony.

The defendant had called a great number of witnesses, all inmates of the prison. The prosecutor had a fingerprint record of the witness in question, which showed a conviction of manslaughter with no indication that it was a misdemeanor type crime. The trial court was of the opinion that the matter was not prejudicial to the defendant and denied a motion for a mistrial. We think he was correct in his ruling.

It appears to us that the defendant had a fair trial and was properly convicted. The judgment and sentence should be and they are affirmed.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ.